State v. Hanson

STATE OF NORTH CAROLINA v. ROBERT HANSON

No. 812SC1259

(Filed 1 June 1982)

Narcotics § 2— accessory before the fact to attempt to provide drugs to inmate—
indictment insufficient to charge crime

   An indictment alleging that defendant was an accessory before the fact to
an attempt to deliver a controlled substance to a prison inmate as proscribed
by G.S. 14-258.1 failed to charge defendant with a crime, since an attempt to
provide controlled substances to an inmate is not an activity proscribed by
G.S. 14-258.1. G.S. 14-5.

APPEAL by defendant from *Reid, Judge.* Judgment entered 7
January 1981 in Superior Court, WASHINGTON County. Heard in
the Court of Appeals 5 May 1982.

Defendant was indicted under G.S. 14-5,[1] for being an ac-
cessory before the fact to the felony of attempting to provide
drugs to an inmate, as proscribed by G.S. 14-258.1. The State's
evidence tended to show that on 7 September 1980, defendant
was an inmate at the Creswell Prison Unit. On 7 September, SBI
agents informed prison officials that they suspected Mrs. Michelle
Montague, an occasional visitor to defendant, of bringing con-
trolled substances to defendant. Before allowing Mrs. Montague
to visit with defendant, prison officials detained Mrs. Montague
for questioning and a search. Mrs. Montague then voluntarily
gave the prison Superintendent ten tablets of LSD which she said
defendant had asked her to obtain for him with defendant's
money. As Mrs. Montague was leaving the prison, she told de-
fendant, who was in the yard, "they got me."

Defendant presented no evidence.

The jury found defendant guilty as charged, and a sentence
of 3 years imprisonment was entered on the verdict. From this
judgment, defendant appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney
General Michael Rivers Morgan, for the State.*

*Robert H. Cowen, for defendant-appellant.*

1. Repealed by Session Laws 1981, c. 686, s. 2, effective July 1, 1981.

WELLS, Judge.

In his appeal, defendant assigns error to the trial court's denial of his motion to dismiss at the close of the State's evidence. We do not reach defendant's assignment of error because we find the indictment on which defendant was tried to be fatally defective. The indictment is as follows, in pertinent part:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 7th day of September, 1980, in Washington County Robert Hanson unlawfully and wilfully did feloniously be and become *an accessory before the fact to the felony of Attempting to Provide Drugs to an Inmate*, G.S. 14-258.1, that was committed by Michelle Montague against the State of North Carolina on September 7, 1980, in that the defendant did counsel, procure, command and aid Michelle Montague to commit that felony, in violation of the following law: G.S. 14-5, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State. (Emphasis added.)

The statute which Michelle Montague is alleged to have violated, G.S. 14-258.1, is as follows:

> § 14-258.1. Furnishing poison, controlled substances, deadly weapons, cartridges, ammunition or alcoholic beverages to inmates of charitable, mental or penal institutions or local confinement facilities.
>
> (a) If any person shall give or sell to any inmate of any charitable, mental or penal institution, or local confinement facility, or if any person shall combine, confederate, conspire, aid, abet, solicit, urge, investigate, counsel, advise, encourage, attempt to procure, or procure another or others to give or sell to any inmate of any charitable, mental or penal institution, or local confinement facility, . . . any controlled substances included in Schedules I through VI contained in Article 5 of Chapter 90 of the General Statutes except under the general supervision of a practitioner, . . . he shall be guilty of a felony . . . .

The indictment does not allege a violation of G.S. 14-258.1 by Michelle Montague. Under the wording of the statute, attempting

to provide controlled substances to an inmate is not a proscribed activity. The allegation that defendant was an accessory before the fact to an attempt to deliver a controlled substance does not allege facts sufficient to constitute a violation of G.S. 14-5.[2] In order to state a violation of G.S. 14-5, the indictment must allege an underlying felony.

The judgment entered against defendant in this case must be and is

Vacated.

Judges WEBB and WHICHARD concur.

2. § 14-5. Accessories before the fact; trial and punishment.—If any person shall counsel, procure or command any other person to commit any felony, whether the same be a felony at common law or by virtue of any statute, the person so counseling, procuring or commanding shall be guilty of a felony, and may be indicted and convicted, either as an accessory before the fact to the principal felony, . . . or he may be indicted and convicted of a substantive felony, whether the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice, and may be punished in the same manner as any accessory before the fact to the same felony, if convicted as an accessory, may be punished. . . .